IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DRENETTA GREEN**,　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　Plaintiff,　　　　　　§
　　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　　§　　　Civil Action No. 3:05-CV-1596-L
　　　　　　　　　　　　　　　　　§
**BURLINGTON NORTHERN AND**　　§
**SANTA FE RAILWAY COMPANY** and §
**MONTE ZILLINGER**,　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　Defendants.　　　　　§

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Monte Zillinger's Motion for to Transfer Venue to the Fort Worth Division, filed September 19, 2005.[1]　After careful consideration of the motion, record, appendix of Defendant Monte Zillinger,[2] the court **grants** Defendant Monte Zillinger's Motion for to Transfer Venue to the Fort Worth Division.

## I. Factual Background

Plaintiff Drenetta Green ("Plaintiff" or "Green") filed this action on August 11, 2005 against Defendants Burlington Northern and Santa Fe Railway Company ("BNSF") and Monte Zillinger ("Zillinger"), collectively referred to as "Defendants." Green contends that Defendants discriminated against her because of her race and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*; 42 U.S.C. § 1981; and the Texas Labor Code,

---

[1]On October 4, 2005, Defendant Burlington Northern and Santa Fe Railway Company joined in Defendant Monte Zillinger's motion to transfer.

[2]Plaintiff Drenetta Green did not file a response to the motion.

**Memorandum Opinion and Order - Page 1**

§ 21.055.  She also contends that Defendants committed the state law torts of negligent supervision and retention, slander and defamation, and intentional infliction of emotional distress.

Defendants seek to have this action transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses in this case, and in the interest of justice.  Specifically, Defendants request that this action be transferred to the Fort Worth Division because:

> All of the parties and likely witnesses are residents of Tarrant County, Texas; none is [a] resident of any of the counties that comprise the Dallas Division.  All of the relevant documents are located in Tarrant County, Texas; none is located in any of the counties that comprise the Dallas Division.  And all of the actions about which Green complains allegedly took place in Tarrant County, Texas where Green works; none allegedly happened in any of the counties that comprise the Dallas Division.  In short, this case bears no relationship to the Dallas Division and should be transferred to the Fort Worth Division.

Defendant's Motion to Transfer at 1-2.

Green is a current employee of BNSF.  She works at BNSF's headquarters in Tarrant County at 2500 Lou Menk Drive, Fort Worth, Texas.[3]  She alleges that BNSF and Zillinger discriminated against her, retaliated against her, and committed certain state torts against her, all in connection with her employment.  *See* Plaintiff's Original Complaint at 2-16.  All of the alleged conduct took place in Tarrant County.  Likewise, all of the records concerning employment decisions about which Green complains are maintained in Tarrant County, and Green lives in Fort Worth.  Zillinger also

---

[3]According to Maps.com, this location is 9.5 miles from the federal courthouse in Fort Worth at 500 West Tenth Street, with an approximate travel time of 15 minutes; and it is 35 miles from the federal courthouse in Dallas at 1100 Commerce Street, with a travel time of approximately 41 minutes.  Pursuant to Fed. R. Evid. 201, the court takes judicial notice of this information, as it easily satisfies the standard for taking judicial notice as set forth in the rule.

**Memorandum Opinion and Order - Page 2**

lives and works in Fort Worth.  All of the witnesses who are expected to testify in this case live in Tarrant County.

## II.  Applicable Standard for a Section 1404(a) Transfer

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  28 U.S.C. § 1404(a).  In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)).  Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice."  The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight.  The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Forth Worth and Dallas Divisions, as well as five other divisions.  *See* 28 U.S.C. § 124(a)(1)-(7).  It is without cavil that venue is appropriate in this *judicial*

*district*, the Northern District of Texas.  Moreover, the parties do not dispute that the Fort Worth Division is a *division* in which Plaintiff's action or claims could have been brought originally; indeed, it would be fatuous to contend otherwise.  The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Fort Worth Division.[4]

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).  The moving party bears the burden of demonstrating that a change of venue is warranted.  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum.  A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative."[5]  *In re Horseshoe Entm't*, 337 F.3d at 434.  Having determined that this action could have been originally filed in the Fort Worth Division, the court now considers the eight factors to determine whether it should be transferred to that division.

---

[4]The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise.  28 U.S.C. § 124(a)(1), (2).

[5]In the final analysis, this factor had no impact on the court's determination whether to transfer the action to the Fort Worth Division.

### III. __Consideration of the Eight Factors__

The court has considered all eight factors, and it is clear to this court that five of the factors – relative ease of access to sources of proof; availability of compulsory process to service the attendance of witnesses;[6] costs of attendance for willing witnesses; practical problems that make the trial of the case easy, expeditious and inexpensive; and local interest in having localized interests decided at home – favor transfer to the Fort Worth Division. The parties, witnesses and documents necessary for the trial of this action are all located in Fort Worth or Tarrant County. Both parties have the same business and work location, 2500 Lou Menk Drive. As a trial would take place during normal business hours while the parties and probable witnesses are at work, all would incur less travel time and expense if the trial were held in Fort Worth instead of Dallas.

Finally, with respect to the factors favoring a transfer to the Fort Worth Division, the court notes that all parties reside in Tarrant County and that the alleged conduct made the basis of the lawsuit occurred in Tarrant County. Ordinarily, there is a preference to try an action where the alleged wrong or injury occurred, especially when all the parties and witnesses reside at or in that locality. The citizens of Dallas County or the Dallas Division really have little, if any, interest in or relationship to the alleged acts made the basis of his lawsuit. Local interest would thus favor a trial in the Fort Worth Division.

With respect to the other three factors – administrative difficulties flowing from court congestion, familiarity of the forum with the law that will govern the case, and avoidance of unnecessary problems of conflict of laws of the application of foreign law – are inapplicable, were

---

[6]Although all witnesses reside within the Dallas and Fort Worth Divisions of the Northern District of Texas and are within 100 miles of either federal courthouse and therefore equally subject to the subpoena process under Fed. R. Civ. P. 45(b)(2), more costs would be incurred, and time spent, to subpoena the witnesses to appear in trial at Dallas.

**Memorandum Opinion and Order - Page 5**

not addressed by the parties, or are neutral and do not weigh in favor of or against a transfer to the Fort Worth Division.

**IV.  <u>Conclusion</u>**

Five factors definitely weigh in favor of a transfer.  The other three factors were irrelevant, not addressed by the parties, or either neutral and simply do not affect transfer one way or the other. In any event, the information before the court on these factors was such that it neither weighed in favor of or against a transfer to the Fort Worth Division.  Based on these findings, the court determines that Defendant has met his burden by making a showing sufficient to justify a transfer of this action "for the convenience of the parties, in the interest of justice" to the Fort Worth Division.  Accordingly, the court **grants** Defendant Monte Zillinger's Motion to Transfer Venue to the Fort Worth Division, and hereby **transfers** this action to the Fort Worth Division of the Northern District of Texas.  The clerk of the court **shall effect** the transfer of this action in accordance with the usual procedure.

**It is so ordered** this 19th day of January, 2006.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 6**